# American Buttonhole, Overseaming & Sewing Machine Company, Plff. in Err., *v.* F. C. Maurer.

A canvasser for the sale of sewing machines, whom the general agent of the sewing machine company, having authority to employ canvassers, has employed for the company, is entitled to compensation for his services according to the terms of his contract although the contract is for compensa-

NOTE.—A principal is liable for acts done by an agent within the apparent scope of his authority. Griswold v. Gebbie, 126 Pa. 353, 12 Am. St. Rep. 878, 17 Atl. 673; Louchheim v. Davies, 148 Pa. 499, 24 Atl. 72; Hubbard v. Tenbrook, 124 Pa. 291, 2 L. R. A. 823, 10 Am. St. Rep. 585, 16 Atl. 817; Laird v. Campbell, 100 Pa. 159. It is immaterial that the act was not authorized (Hill v. Nation Trust Co. 108 Pa. 1, 56 Am. Rep. 189); or that the principal had imposed a limitation upon the authority of the agent (Williams v. Getty, 31 Pa. 461, 72 Am. Dec. 757; Adams Exp. Co. v. Schlessinger, 75 Pa. 246; Jackson v. Emmens, 119 Pa. 356, 13 Atl. 210).

tion greater than the company by instructions, unknown to the canvasser, authorized the general agent to contract for.

(Argued May 31, 1887.  Decided October 3, 1887.)

May Term, 1887, No. 14, M. D., before GORDON, TRUNKEY, CLARK, GREEN, and STERRETT, JJ.  Error to the Common Pleas of Dauphin County to review a judgment on a verdict for the plaintiff in an action of assumpsit.  Affirmed.

This was an action to recover commissions for the sale of sewing machines.

At the trial it appeared that the plaintiff, Maurer, was hired as selling agent by D. R. Betts, the defendant's manager or agent, who was in control of the Harrisburg office and was authorized to employ selling agents for the defendant.  The defendant admitted the hiring, but alleged that Betts was not authorized to contract with subagents except for commissions contingent upon collections, and that the commissions due him on collected accounts were only $3.46.  The plaintiff claimed $197 and interest, and it was admitted that this would be due him if he was entitled to commissions upon uncollected accounts.

The defendant asked the court to charge, *inter alia:*

3. The evidence in this case being uncontradicted, that the person who made the alleged contract in suit had no authority to make it, the defendant is not bound by it, and the verdict must be for the defendant.

*Ans.* Refused.  First assignment of error.

The court charged, *inter alia,* as follows:

There are one or two matters of fact in this case for you to determine.  The plaintiff's case rests upon a parol contract— a contract by word of mouth.  He says that he made with Mr. Betts, an agent of the company, a contract, the terms of which he testified about before you.  You must determine what the contract between these two persons was; that is, taking the plaintiff's view of it, you must determine what was meant between the parties in the conversation to which the plaintiff testifies. Assume for a moment it was as he states: that Mr. Betts said that he would give 30 per cent on all sales; it is for the jury to determine what was meant by that 30 per cent on all sales— whether he meant 30 per cent on all sales irrespective of collec-

tions, or whether on the money coming in from those sales. Third assignment of error.

It is said, however, on the other side, as against the plaintiff's allegation, that Mr. Betts had no authority to make this kind of contract. That, however, depends, and we submit to the jury to find, whether he had authority to make contracts with agents; and we say to you if he had authority to make a contract with selling agents, as in this case, that the company is bound by such contracts as he made, although he may have in that particular exceeded his instruction. Second assignment of error.

*Hall & Jordan,* for plaintiff in error.—To render a principal liable there must be proof of agency. The party alleging it must prove the agent's authority and the extent of it. The act of an agent, within the scope of his authority, is the act of the principal. But the authority of an agent is limited by the very terms of his employment.

The plaintiff below showed no authority in Betts to make such contract as was claimed in the court below. He proved only that Betts was an agent to make contracts with selling agents and had made the contract for contingent commissions. That this was not enough has been held by this court from Moore v. Patterson, 28 Pa. 505, to this day.

No such contracts were shown to have been made with others, and no question of ratification of the company arises.

If a restricted authority be given to an agent, a contract made by him without its limits will impose no obligation on his constituents. Hayden v. Middlesex Turnp. Corp. 10 Mass. 403, 6 Am. Dec. 143; Mechanics' Bank v. New York & N. H. R. Co. 13 N. Y. 599; New York & N. H. R. Co. v. Schuyler, 17 N. Y. 592; Pennsylvania R. Co. v. Irvine, 35 Phila. Leg. Int. 411.

*E. J. Smith,* for defendant in error.—A general agent is a person whom a man puts in his place to transact all his business of a particular kind, as, to buy and sell certain kinds of wares, to negotiate certain contracts, and the like. An authority of this kind authorizes an agent to bind his employer by all acts within the scope of his employment; and that power cannot be limited by any private order or direction not known by the party dealing with the agent. Paley, Agency, *199; Smith's

Mercantile Law, \*59; Story, Agency, 3d ed. § 126, note 2; Smith, Mast. & S. \*292, ed. 1886; Wait, Act. & Def. 220, ed. 1876; 1 Addison, Contr. 3d Am. ed. § 69; Adams Exp. Co. v. Schlessinger, 75 Pa. 246; Tanner v. Oil Creek R. Co. 53 Pa. 417; Hill v. Nation Trust Co. 108 Pa. 1, 56 Am. Rep. 189; Brooke v. New York, L. E. & W. R. Co. 108 Pa. 529, 56 Am. Rep. 235, 1 Atl. 206.

In Pennsylvania R. Co. v. Irvine, 35 Phila. Leg. Int. 411, Gilson was a special agent under limited authority, and Irvine knew of Gilson's limited authority.

The cases of Mechanics' Bank v. New York & N. H. R. Co. 13 N. Y. 599, and New York & N. H. R. Co. v. Schuyler, 17 N. Y. 592, do not apply, because in both cases Schuyler was a special agent, with restricted authority; and those who dealt with him knew of the limit of his authority; hence, those who purchased stock from those to whom it was issued fraudulently could not bind the company in a suit upon said stock.

In Hayden v. Middlesex Turnp. Corp. 10 Mass. 403, 6 Am. Dec. 143, General Bridge, if he was an agent at all, was a special agent with power to make written contracts only, and these written contracts to be null and void unless submitted to and ratified by the directors of the turnpike company.

Moore v. Patterson, 28 Pa. 505, was also a case of special agency.

As to what proof of authority is necessary, see Paley, Agency, XXVIII. Law Lib. \*309–\*311, where Neal v. Erving, 1 Esp. 61, is cited.

Per Curiam:

That Betts was the manager or agent of the company defendant, and that as such he had the power to employ canvassers, cannot well be denied, for he so testifies. His power being in these particulars thus general, the question in the case and the only material one was whether he had made with the plaintiff the contract alleged; and this was properly submitted. The company, having obtained the services of Maurer through the contract of its agent, cannot be allowed now to defeat that contract by an attempt to limit his power to contracts for contingent commissions only. The contract undoubtedly bound Maurer; and if so, it also bound the company.

The judgment is affirmed.